# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

HECTOR ANTONIO FLORES and
BRENDA JACQUELINE FLORES,

    Debtors.

Case No. 09-17933-RGM
(Chapter 13)

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO VACATE**

**MEMORANDUM OPINION**

**Background**

This chapter 13 case was before the court on January 13, 2010, on the debtors' motion to vacate the order dismissing this case. The debtors filed this case on September 29, 2009. It is their second bankruptcy case. The first was a chapter 7 case filed on February 2, 2009, Case No. 09-10759. In the chapter 7 case, the debtors scheduled their home, stating that it was worth far less then the lien secured by it and stated that they intended to surrender it. Schedule A, Real Property; Schedule D, Creditors Holding Secured Claims; and Chapter 7 Individual Debtor's Statement of Intention. (Docket Entry 1, at 9, 14 and 35). They did not claim it exempt. Schedule C, Property Claimed as Exempt. (Docket Entry 1 at 13). "IndyMac-HLS" was scheduled as holding a claim secured by a first mortgage on their home. Schedule D, Creditors Holding Secured Claims. (Docket Entry 1 at 14). No claims against IndyMac were scheduled on Schedule B, Personal Property, and no suits were identified in answer to Question 4 of the Statement of Financial Affairs. (Docket

1

Entries[1] at 10-12 and 28; 11 at 2-5; and 16 at 2-5). The debtors were granted a discharge on August 31, 2009, and the case was closed on September 24, 2009. (Docket Entries 25 and 32).

IndyMac Federal Bank, FSB, filed a motion for relief from the automatic stay in the chapter 7 case on March 3, 2009. (Docket Entry 14). Neither the debtors nor the trustee filed a response and the motion was granted on March 31, 2009. (Docket Entry 17). According to the motion for relief from the automatic stay filed in the second case, the chapter 13 case, the debtors' home was sold at foreclosure to US Bank National Association as Trustee, on May 6, 2009. The bank filed an unlawful detainer action to recover possession of the property on June 2, 2009, which went to trial on July 24, 2009. The bank prevailed and was awarded possession. While an appeal was filed, it was not perfected. On September 21, 2009, the bank requested a writ of possession which was scheduled to be executed on September 30, 2009. Motion for Relief from Stay, ¶¶3-7. (Chapter 13 Case, Docket Entry 17).

The debtors corroborated the essential allegations made in the chapter 13 motion for relief in the papers they filed in their chapter 13 case.[1] The debtors acknowledged the May 6, 2009 foreclosure in their answer to Question 5 on their Statement of Financial Affairs and identified US Bank National Association as the purchaser at the foreclosure sale. Statement of Financial Affairs, Question 5. (Docket Entry 20 at 19). The Certification by a Debtor Who Resides as a Tenant of Residential Property which was a part of the chapter 13 petition was completed and identified the landlord as "IndyMac-HLS/US Bank National Association, Trustee for and behalf of IndyMac." The debtors checked the box stating that "there are circumstances under which the debtor would be

---

[1] The debtors did not file a timely answer to the chapter 13 motion for relief from the automatic stay. There was no hearing on the motion because the case was dismissed before the scheduled hearing date.

2

permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered" and that they had deposited with this court "any rent that would become due during the 30-day period after the filing of the petition."[2] Voluntary Petition. (Docket Entry 1 at 2). Finally, Hector Flores requested an extension of time within which to obtain credit counseling stating that:

> I must file the within bankruptcy petition in order to salvage my house from and to terminate creditor action relative to foreclosure and eviction, presently scheduled for September 30, 2009. I have meritorious causes of action against my lenders that will invalidate their claims.

Exhibit D, Individual Debtor's Statement of Compliance with Credit Counseling Requirement. (Docket Entry 1 at 7).

The debtors scheduled a claim against IndyMac in the chapter 13 case for "Predatory lending". Schedule B, Personal Property, Item 21. (Docket Entry 20 at 6). They also stated that they had a suit pending against US Bank National Association in the Circuit Court for Prince William County for "Fraud, illegality, and other malfeasance in connection with mortgage loans on subject property." Statement of Financial Affairs, Question 4. (Docket Entry 20 at 19).

They stated on Schedule J that their monthly net income was a negative $1,498.00, that is, that their expenses exceeded their income; and on Schedule I, that they expected their income to decrease due to the economic downturn. Schedule I and J. (Docket Entry 20 at 14-16).

The debtors listed only three creditors in the chapter 13 case, the others having been discharged in their prior chapter 7 case. The three creditors were IndyMac and two lenders secured by the debtors' cars.

---

[2] In fact, no deposit was made with the court.

3

The debtors' chapter 13 plan proposed to pay the chapter 13 trustee $1,000.00 a month for 36 months. They proposed paying the two car lenders their regular monthly payments of $230.96 and $285.23 and an additional $138.46 and $223.08, respectively, a month to cure the arrearages on their car loans. The trustee's fees and commission would be no more than $100.00 a month. The balance of the proposed monthly payment, $22.27, was to be distributed to IndyMac as payment on its unsecured claim of $318,520.00.[3] They estimated that IndyMac would receive a distribution of approximately 3% of its claim, although they estimated that it would receive a 46% distribution if the case were a chapter 7 case. Chapter 13 Plan and Related Motions. (Docket Entry 22).

The debtors failed to make their first payment to the chapter 13 trustee and the case was dismissed on November 9, 2009. (Docket Entry 25). Local Bankr.R. 3070-1(C). On November 17, 2009, the debtors filed a motion to vacate the dismissal of their case asserting that they were not "aware of the ramifications" of their failure to make the missed payment. (Docket Entry 32). The notice of the hearing on the motion was filed with the court on December 10, 2009. The hearing was set for January 13, 2010. (Docket Entry 35).

US Bank appeared at the hearing on the motion to vacate the dismissal order. The debtors did not appear. Debtors' counsel appeared. She stated that she was in the process of withdrawing from representation of the debtors. At the direction of the court, she ably represented the debtors.

---

[3] It is not clear what the debtors' intended. They assert that the IndyMac claim is unsecured, but all unsecured claims were discharged in their chapter 7 case. If the IndyMac claim is unsecured, no payment should be made to it in the chapter 13 case. If the intended result was to avoid IndyMac's lien or recover an offsetting judgment based on a predatory lending claim in the chapter 13 case without disclosing the claims in the preceding chapter 7 case, there could be a good faith problem. *See In re Tittle,* 346 B.R. 684, 691-693 (Bankr.E.D.Va.2006); *In re Taylor,* 261 B.R. 877(Bankr.E.D.Va.2001).

**Discussion**

The motion to vacate the dismissal order will be denied on its merits. The chapter 13 case serves no purpose as to the real property.[4] The debtors' statements in the papers filed with the court show that their home was sold at foreclosure on May 9, 2009; that a judgment for possession was entered against them in the general district court; and that the scheduled eviction was cancelled because the automatic stay arose upon the filing of this chapter 13 case. The debtors have no ownership interest in the real property. It was terminated by the foreclosure. They have no right of redemption. There is none in Virginia. They have no right of possession. While they are in actual possession of the property, the general district court found that they were unlawfully in possession and issued a writ of possession to remove them from the property. This court is required to give full faith and credit to state court judgments. 28 U.S.C. §1738. The debtors would almost certainly have been required to relinquish actual possession in the immediate future.

The proposed chapter 13 plan is facially not confirmable. The proposed plan does not satisfy the liquidation test. In the light most favorable to the debtors, they would retain the real property unencumbered by IndyMac's lien. They would have to pay the value of the house to the chapter 13 trustee over the life of the plan in order to meet the liquidation test.[5] They cannot do this from current income and there is no indication that they could refinance the house. Of course, the light most favorable to the debtors makes a false assumption, that they have an interest in the real

---

[4]The case potentially serves the purpose of curing the arrearages on their two cars.

[5]This is without consideration of the claim against IndyMac for predatory lending which the debtors valued at $1.00.

5

property. The plan cannot be confirmed because it does not meet the liquidation test or, alternatively, is founded on a false assumption.[6]

Counsel for the debtors requested that the matter be continued to a later date so that the debtors could appear and make any further presentation they felt appropriate. In this instance, it is very unlikely that there is anything that they could add that would change the circumstances in which the court finds the case. The likelihood of their success on the motion is minimal. A continuance would injure US National Bank by further frustrating its efforts to recover possession of the property and will be denied.

The motion to vacate the dismissal order will be denied.

## ORDER

For the reasons stated on the record and in the foregoing Memorandum Opinion, it is ORDERED that the motion to vacate the dismissal order is denied.

Alexandria, Virginia
January 13, 2010

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

---

[6] Nor does the plan appear to be feasible. The debtors have no net disposable income with which to fund the chapter 13 plan and they opine that their income will decrease because of the downturn in the economy. They do schedule $3,000 a month as rent or a mortgage payment which is unexplained in light of their chapter 13 treatment of IndyMac.

copies to:

Thomas C. Gorman
Rachael Hammer

Hector Antonio Flores
14280 Lindendale Rd.
Woodbridge, VA 22193

Brenda Jacqueline Flores
14280 Lindendale Rd.
Woodbridge, VA 22193

15707